UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:09-CR-469 CAS |
| | ) | |
| DIONDREY HARDWICT, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

This matter is before the Court on defendant Diondrey Hardwict's letter to the Clerk of the Court, which the Court construes as a motion for an extension of time to file a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence or, in the alternative, for appointment of counsel to represent him in preparing a § 2255 motion. Defendant's motion will be denied in all respects.

**Motion for Extension of Time**

For a district court to have jurisdiction over a motion to extend the time to file a § 2255 motion, the motion "must be either be filed concurrently with or after a § 2255 petition, or be construed as the § 2255 petition itself." Ramirez v. United States, 461 F.Supp.2d 439, 441 (E.D. Va. 2006). The Court is permitted to construe a motion for extension of time as a § 2255 motion when it "contains allegations sufficient to support a claim under section 2255." Id.

In this case, defendant's motion for extension of time does not contain sufficient allegations for the Court to construe it as a § 2255 motion. As a result, the motion will be denied.

**Motion for Appointment of Counsel**

Defendant moves in the alternative for appointment of counsel to represent him in preparing a § 2255 motion to vacate, set aside or correct his sentence. Defendant's motion for appointment of counsel is governed by 18 U.S.C. § 3006A, which permits district courts to appoint counsel for indigent inmates "seeking relief under section 2241, 2254, or 2255 of title 28." 18 U.S.C. § 3006A(a)(2)(B). Defendant cannot be deemed to be "seeking relief" under § 2255 because he has not yet filed a motion to vacate under § 2255. Cf. McFarland v. Scott, 512 U.S. 849, 864-66 (1994) (Thomas, J., dissenting) (habeas corpus proceedings under 28 U.S.C. § 2254 are commenced by the filing of a completed petition for writ of habeas corpus).

There is an exception to the general rule that a habeas corpus proceeding is initiated only by the filing of a completed petition for writ of habeas corpus, but the exception only applies to death penalty postconviction proceedings. McFarland, 512 U.S. at 856-57. The exception does not apply to discretionary appointments under § 3006A such as the one sought by defendant. As a result, the Court does not have the authority to appoint counsel at this time.

The Court will direct the Clerk of the Court to send defendant a form motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion for an extension of time to file a motion to vacate under 28 U.S.C. § 2255 is **DENIED**. [Doc. 61]

**IT IS FURTHER ORDERED** that defendant's alternative motion for appointment of counsel to represent him in preparing a motion under 28 U.S.C. § 2255 is **DENIED**. [Doc. 61]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send defendant a form motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.

                                                      _/s/ Charles A. Shaw_
                                                      **CHARLES A. SHAW**
                                                      **UNITED STATES DISTRICT JUDGE**

Dated this  16th  day of December, 2011.